### 44862. DOUGLAS v. THE STATE.
(362 SE2d 371)

Smith, Justice.

The appellant, Warren Douglas, was convicted of felony murder, armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. The armed robbery count merged with the felony murder count, and he was sentenced to life imprisonment for felony murder, and sentenced to 5 years on each of the possession charges.[1] We affirm.

The appellant asserts that the evidence does not support the verdict. The state's theory of the case was that when the victim, Alan

---

[1] The crimes were committed on January 31, 1986. The Liberty County jury returned its verdict of guilty on May 21, 1986. A motion for new trial was filed, heard, and denied on May 22, 1986. Notice of Appeal was filed on June 17, 1987. The transcript of evidence was filed on July 17, 1987. The record was docketed in this Court on July 21, 1987. The case was submitted on September 4, 1987.

Hall, and the appellant were attempting to rob a drunken soldier, the appellant struck the soldier on the face with a gun causing it to discharge and fire a bullet that struck and killed Hall. The evidence produced at trial was as follows:

The appellant, his aunt, Anna Brannen, and the victim, Alan Hall, drove to the "Why Not" Lounge in Hinesville, Georgia. The appellant and his aunt went inside, but the underage Hall remained outside. A highly intoxicated soldier made his way outside in hopes that the fresh air would help reduce the discomfort he was suffering as a result of his intemperance. Hall offered the soldier an opportunity to smoke some marijuana, the soldier agreed, and got into the back seat of the car. The appellant sat in the front passenger seat of the car as Hall drove away from the lounge toward an isolated area. The car's motion exacerbated the soldier's condition and he began to vomit. Hall stopped the car and the soldier got out to finish what he had begun. When the soldier had achieved his goal he turned around and saw a man coming toward him saying, "This is a stick-up." The soldier was hit on the face with what he thought was a firearm, and he fell to the ground. He felt someone remove his wallet containing three $50 bills. The soldier did not hear a gunshot, but he heard ringing in his ears for several days, and gun powder residue was found on his face where he had been struck.

The appellant drove back to town, found his aunt at the lounge and told her that "A man blowed Alan's brains out." The aunt in her excitement left her coat and the appellant reclaimed it for her. They ran to the place the appellant had parked her car. Before they left in the car, the appellant used a cloth to wipe off a gun that he had with him. Soon thereafter they saw the soldier walking along the road and the appellant told his aunt that the soldier was the man who had killed Hall. Within a few moments they summoned the police and the soldier was apprehended. While at the police station, the aunt reached into her coat pocket and found three $50 bills that she had not placed there.

The police went to the spot where the crimes occurred and found Hall. A bullet had entered the right frontal area of Hall's face and exited the back of his head killing him. Later the police found the appellant's jacket and the soldier's wallet near the place the appellant had parked his aunt's car when he returned to find her.

The appellant gave the police three different versions of what occurred. He indicated initially that after he, Hall, and the soldier left town, the soldier drew a gun and announced that he was going to rob them. The appellant said he heard a shot. The appellant's second version was substantially the same, but in the third version he claimed that his aunt and an unknown man were present at the crime scene, that the soldier and Hall were on the ground, and he did not know

who fired the fatal shot.

A review of all of the evidence in the light most favorable to the jury's verdict shows that a rational trier of fact could have found the appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1987.

*Raymond A. Majors, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.